E-FILED
Tuesday, 12 May, 2015  08:52:45 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JERMAINE BROOKS, | ) |
| Plaintiff, | ) |
| v. | ) 14-CV-2314 |
| TIMOTHY BUKOWSKI, OFFICER HENSHAW, OFFICER LAZARUS HUGHES, OFFICER AHRAMOVICH, OFFICER NOLAN, and CAPTAIN VOSS, | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

**JAMES E. SHADID, U.S. DISTRICT JUDGE.**

Plaintiff, proceeding pro se from his incarceration in Stateville Correctional Center, seeks leave to proceed in forma pauperis on claims arising from an incident in the Jerome Coombs Detention Center.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).

However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

On the morning of August 29, 2014, Plaintiff was sitting in a dayroom at the Jerome Coombs Detention Center. Around 10:15 a.m., he told Defendants Henshaw and Ahramovich that he had blood in his urine, sharp pains in the left side of his chest and was having difficulty breathing. He told the officers that he needed his two inhalers. Officers Henshaw and Ahramovich allegedly denied Plaintiff's request for medical attention or his inhalers, even after Plaintiff suffered two asthma attacks in the officers' presence and other detainees tried to help by pressing the emergency button and knocking on the observation window . According to Plaintiff, Officers Henshaw and Ahramovich ignored the pleas and continued to play computer games.

Though Plaintiff's difficulties continued, lunch was served, and then the detainees in the dayroom were directed to return to their cells. Plaintiff was unable to comply with the direction because he

was still experiencing chest pains and having trouble breathing. Officers Henshaw and Ahramovich again allegedly ignored Plaintiff's request for medical attention. Six officers then came into the dayroom, including Defendant Voss, a supervisor. Voss and the other officers also allegedly ignored Plaintiff's requests for medical help and instead threatened, harassed, and degraded Plaintiff. Plaintiff then had a third asthma attack in front of the officers. Thirty minutes later, Voss informed the medical unit about Plaintiff's asthma attacks.

**ANALYSIS**

Plaintiff states an arguable constitutional claim against Defendants Henshaw, Ahramovich, and Voss for deliberate indifference to his serious medical needs.[1] Gomez v. Randle, 680 F.3d 859, 865 (7th Cir. 2012)(Eighth Amendment prohibits deliberate indifference to inmate's medical needs).[2] Plaintiff's description of his symptoms allows an inference that his medical needs were serious and that these three Defendants deliberately

---

[1] Counts 1 (conspiracy) and 2 (failure to intervene) of the Complaint are more accurately titled as claims for deliberate indifference to Plaintiff's serious medical needs and are construed as such.

[2] As a pretrial detainee, Plaintiff's claim arises under the Fourteenth Amendment, but "there is little practical difference" between the Fourteenth and Eighth Amendment standards." *Weiss v. Cooley*, 230 F.2d 1027, 1032 (7th Cir. 2000).

ignored Plaintiff's requests for medical care. Plaintiff's supplemental state law claim for the intentional infliction of emotional distress will also proceed against these three Defendants, as will the indemnification claim against Sheriff Bukowski in his official capacity. *See* 745 ILCS 10/9-102. Kankakee County will be added as a necessary party. *See Olson v. Champaign County*, --- F.3d ---, 2015 WL 1934388 (7th Cir. 2015)(745 ILCS 10/9-102 "requires the county to indemnify Sheriffs and their deputies for damages for torts committed in the scope of their employment. . . . Champaign County is a necessary party to a suit against a Sheriff under federal law.")

Plaintiff names Officers Nolan and Hughes as Defendants without explaining their involvement. The Court cannot tell from the Complaint if Nolan or Hughes were in the dayroom or were aware of what was happening. At this point, Defendants Nolan and Hughes will be dismissed, without prejudice to reinstatement if Plaintiff files a motion to reinstate explaining how Nolan and Hughes were personally involved in the denial of medical care. *Kuhn v. Goodlaw,* 678 F.3d. 552, 555 (7th Cir. 2012)("§ 1983 liability is premised on the wrongdoer's personal responsibility.")

Plaintiff pursues an unconstitutional policy claim for failure to train, but the allegation is too conclusory. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")(*citing Bell Atlantic v. Twombly*, 550 U.S. 550, 555-56 (2007). A constitutional failure to train claim requires that the Sheriff's Office have a policy or practice of deliberate indifference to a detainee's civil rights. *See Hollins v. City of Milwaukee*, 574 F.3d 822 (7th Cir. 2009); *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability under § 1983). The failure to train claim will be dismissed, but without prejudice to filing an amended complaint if discovery supports the addition of the claim.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states the following claims against Defendants Henshaw, Ahramovich, and Voss based on the alleged events which occurred August 29, 2014: (1) Fourteenth Amendment federal claim for deliberate indifference to Plaintiff's serious medical needs; and, (2) supplemental state law

claim for the intentional infliction of emotional distress. Plaintiff also states an indemnification claim against Sheriff Bukowski in his official capacity.

2) Kankakee County is added as a necessary party.

3) Plaintiff's failure to train claim is dismissed, without prejudice.

4) Defendants Nolan and Hughes are dismissed, without prejudice.

5) This case proceeds solely on the claims identified in paragraph one. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

6) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

7) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

8) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

9) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an

answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

    10)   This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

11) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

12) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

13) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

14) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

15) **The clerk is directed to add Kankakee County as a Defendant.**

16) **The clerk is directed to terminate Defendants Nolan and Hughes.**

17) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants Henshaw, Ahramovich, Voss, Bukowski, and Kankakee County pursuant to the standard procedures.**

18) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED: 5/12/2015

FOR THE COURT:

                                  **s/James E. Shadid**
                                  JAMES E. SHADID
                                UNITED STATES DISTRICT JUDGE